AGNES M. DE FOE v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 29, 1896.

Nos. 9900—(174).

Carrier—Injury to Passenger—Alighting from Moving Car.

> In an action to recover damages alleged to have been the result of a fall caused by defendant's negligence, while plaintiff was alighting from one of its cars, it is *held*, in view of the condition of the evidence, that the trial court erred when it refused to charge the jury that, if the plaintiff fell by reason of getting off the car while it was slowing down for the purpose of stopping, she could not recover.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff for $375.45, after a trial before Egan, J., and a jury.    Reversed.

*Munn, Boyesen & Thygeson*, for appellant.
*C. D. & Thos. D. O'Brien*, for respondent.

COLLINS, J.    This was a personal injury case, in which plaintiff had a verdict.    She was a passenger upon one of the cars on defendant's cable line in the city of St. Paul.    According to the evidence offered in her behalf, the car came to a full halt at its regular stopping place at the intersection of Wabasha with Fourth street, and almost immediately, while plaintiff was in the act of alighting, it was started with a sharp jerk, throwing her to the pavement, and causing the injuries complained of.    The witnesses for the defense all testi-

[1] Reported in 68 N. W. 35.

fied that as the car slackened speed, for the purpose of stopping, and before it had stopped at all, plaintiff attempted to step to the ground, and, in so doing, fell. The issue of fact thus presented to the jury was clear-cut, and could not have been misunderstood. The only negligence attributed to defendant in the complaint or upon the trial was in suddenly jerking the car after it had come to a full stop, and while plaintiff was stepping to the ground. It was not claimed that defendant was negligent in any other manner, nor was any other negligent act shown upon which to base a verdict for plaintiff. If, therefore, the accident happened as was testified to by defendant's witnesses, by plaintiff's stepping from the car before it halted, a verdict for plaintiff could not be sustained.

This being the condition of the evidence, defendant's counsel requested the court to charge the jury that, if the plaintiff fell by reason of getting off the car while it was slowing down, she could not recover. This was refused, nor was the substance of the request given elsewhere in the charge. In fact, from the general way in which the jurors were instructed, they were fully warranted in returning a verdict for plaintiff, although satisfied that the accident occurred precisely as stated by defendant's witnesses. In view of an entire absence of evidence tending to show that defendant was negligent in any manner unless plaintiff's version of the occurrence was correct, the trial court erred when it refused to charge as requested.

It is, perhaps, advisable to note that there was no invitation, express or implied, on the part of the trainmen, for plaintiff to get off the car until it stopped; and, further, as before stated, that there was no evidence which would have justified a finding that the defendant was negligent while the car was slowing down for the purpose of stopping.

Judgment reversed.